SAMOA PRODUCTS, INC., Plaintiff

v.

JOE PEREIRA, Defendant

High Court of American Samoa
Trial Division

CA. NO. 29-85

July 28, 1986

Before REES, Chief Justice, and TAUANU'U, Chief
Associate Judge.

Counsel: For the Plaintiff, William Reardon

This is an action on an open account. On
February 22, 1985, the plaintiff brought suit for
$3,280.86 alleged to be overdue on the account.
The Court heard nothing further from either party
until June of 1986, when plaintiff moved for a
default judgment. At the default hearing the
plaintiff's accountant testified that further
payments had been made on the account during 1985
and 1986, bringing the current balance to
$1,896.89.

The evidence shows that since March of 1985
the defendant has been making payments on a regular
basis. Plaintiff's manager testified that the
principal reason for the attempt at securing a
judgment at this time was that during 1986

45

plaintiff had been paying at the rate of about $300 every two months rather than $150 every month. Counsel for plaintiff maintains that since no terms of payment were specified, the plaintiff was entitled to repayment of the entire balance within twenty days of demand upon the defendant. If this were true, then the demand letters which plaintiff's accountant testified were sent would be sufficient to entitle plaintiff to a default judgment.

We do not agree, however, that plaintiff was entitled to payment of the entire balance on demand. When parties clearly intend to enter into a contract but do not specify one or more terms of the contract, a court must attempt to infer or imply the missing terms in light of all the circumstances. Among the most important of these circumstances is the usual practice within the trade or profession in question; even more important are the actions and statements of the parties themselves at or near the time of agreement.

In this case it was clear that the contract was for the sale of goods on credit rather than for cash payment on delivery. Once commercial or consumer credit has been extended, the usual custom among merchants is to expect periodic payments rather than cash payment on demand of an entire balance of several thousands of dollars. Moreover, the actual behavior of the parties in the early stages of this contract, which included several part payments and numerous additional extensions of credit, bolsters this presumption. Although during a subsequent period the defendant ceased to make regular payments, he has been making such payments since March of 1985. At the current rate the defendant should pay off the entire balance within a year. The plaintiff's preference for payments of $150 every month rather than $300 every two months, in the absence of any express contractual provision and of any circumstances suggesting that the parties meant to specify monthly rather than bimonthly payments, is insufficient to place the defendant in breach of his contract.

We also note that the documents submitted by plaintiff include debits of $307 in attorney's fees through January of 1986. The contract does not provide for payment by defendant of plaintiff's attorney's fees, and plaintiff argues no other legal basis for an attorney's fee award. Plaintiff's accountant was unsure whether any

46

additional attorney's fees had been charged to defendant's account since February 1, 1986. The court requested plaintiff to provide a complete statement of all credits and debits including those since February 1, but the statement provided ends on February 1 and reflects a balance different than that requested by plaintiff at trial. The court is therefore unable to ascertain what amount is actually owed by the defendant. It is apparently somewhat lower than the amount demanded by plaintiff.

The action is dismissed, without prejudice to the right of plaintiff to file another action if the defendant should stop making substantial periodic payments on the account.